**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LYNN L. KRIEGER, SB# 209592
Email: Lynn.Krieger@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Plaintiffs
EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE (UK) LIMITED; ITALIA MARITTIMA SPA; EVERGREEN MARINE (HONG KONG) LTD.; EVERGREEN MARINE (SINGAPORE) PTE. LTD., EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE (UK) LIMITED; ITALIA MARITTIMA SPA; EVERGREEN MARINE (HONG KONG) LTD.; EVERGREEN MARINE (SINGAPORE) PTE. LTD., EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>MASTER INTERNATIONAL LOGISTICS (CHINA) CO., LTD., a foreign corporation; DIRECT SERVICE INC., a California corporation; Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-8725<br><br>**COMPLAINT**<br><br>Demand in excess of: $488,420<br><br>**1. Breach of a Maritime Contract**<br>**2. Open book Account**<br>**3. Goods and Services Rendered** |

## **JURISDICTION**

1. This is a suit for breach of contract and unpaid detention/per diem, costs and fees pursuant to ocean bills of lading and other written agreements, and comprises an admiralty and maritime claim pursuant to 28 U.S.C. § 1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure, and the Shipping Act of 1984, as amended, 46 U.S.C. §§ 40101 et seq.

4823-5701-0121.1

COMPLAINT

## VENUE

2. Venue is proper in this court as the contract that is the subject of this lawsuit was entered into in Los Angeles County and, on information and belief, the Defendant Direct Service Inc. ("DIRECT") is headquartered and has its principal place of business in Los Angeles.

## THE PARTIES

3. Plaintiffs Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Limited, Italia Marittima SPA, Evergreen Marine (Hong Kong) Ltd. and Evergreen Marine (Singapore) Pte. Ltd. (collectively referred to as the "EVERGREEN LINE") are, and at all times relevant hereto were, foreign corporations, doing business as international ocean carrier in the name of EVERGREEN LINE under the Joint Service Agreement (FMC Agreement No. 011982) which is filed with the Federal Maritime Commission.

4. Plaintiffs conduct business in the U.S.A. by and through their agent, plaintiff Evergreen Shipping Agency (America) Corporation ("EVERGREEN SHIPPING"), a New Jersey corporation with its principal place of business in Jersey City, New Jersey. EVERGREEN SHIPPING performs various services including billing and collection of per diem charges that are subject matter of this action.

5. Plaintiffs EVERGREEN LINE and plaintiffs EVERGREEN SHIPPING are collectively referred to herein as "plaintiffs."

6. Plaintiffs are informed and believe, and on that basis allege that defendant Master International Logistics (China) Co., Ltd. ("MASTER") is, and at all times relevant hereto was, a foreign corporation with its principal place of business in Shanghai, China. Defendant MASTER is registered as a foreign-based non-vessel operating common carrier ("NVOCC") with the Federal Maritime Commission, and is required to maintain a resident legal agent for service of process in the U.S.A.

7. Plaintiffs are informed and believe, and on that basis allege that

1  defendant DIRECT is, and at all times relevant hereto was a California corporation
2  doing business within the district as a non-vessel operating common carrier
3  ("NVOCC") as defined in 46 USC 515 (2)(k), and, based upon knowledge,
4  information and belief, acted as such in the transactions complained of herein.

5      8.    Plaintiffs have no knowledge of the true names and capacities of
6  defendants sued herein as Does 1 through 10, inclusive, except that plaintiffs are
7  informed and believe, and on that basis allege, that the loss and damages sustained
8  by the plaintiffs were proximately caused by the defendants' breach of contract.
9  Plaintiffs therefore sue these defendants by such fictitious names and plaintiffs will
10 amend this Complaint to allege their true names and capacities when ascertained.

11     9.    Plaintiffs are informed and believe, and on that basis allege that each of
12 the Doe defendants was, at all times herein mentioned, the agent, principal, servant,
13 employees or contractor for the other defendants.

## **GENERAL ALLEGATIONS**

15     10.    Plaintiffs refer to paragraphs 1 through 9 of this Complaint and
16 incorporate them herein as though fully set forth.

17     11.    Between May 2018 and January 2019, DIRECT and MASTER entered
18 into a series of written contracts with plaintiffs. These contracts of carriage are
19 evidenced by bills of lading and confidential service contracts(s). A true and correct
20 copy of the relevant bills of lading are attached hereto as Exhibit A).

21     12.    The terms and conditions of EVERGREEN LINE's standard bill of
22 lading pertaining to this case are attached hereto as Exhibit B and state in relevant
23 part as follows:

- ("Preword") In accepting this Bill, whether in paper or electronic form, the Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions contained or incorporated in this Bill whether written, typed, stamped, printed or otherwise, and as well, to be bound by the Carrier's Tariff rules and regulations which are deemed incorporated herein, all of which supersede all previous agreements, including booking notes, dock and mate's receipts and like, any local customs or privileges to the contrary notwithstanding.



4823-5701-0121.1

3
COMPLAINT

- Article 1(2) defines "Carrier" to mean the "Vessel Provider identified on the front of this Bill doing business as Evergreen Line, which is a Joint Service Agreement as defined by the U.S. Shipping Act of 1984 and any amendments thereto, consisting of Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Ltd., Italia Marittima S.P.A., Evergreen Marine (Hong Kong) Ltd., and Evergreen Marine (Singapore) Pte Ltd."

- Article 1(9) defines "Merchant" to include "the shipper, Holder, consignee, the receiver of the Goods, any person owning or entitled to the possession of the Goods or this Bill and anyone acting on behalf of any such persons."

- Article 14(4) provides, in pertinent part, that: "The Merchant of the Goods shall be jointly and severally liable to Carrier for the payment of all freight, . . . . . . . . . . . . , demurrage, detention, General Average, salvage and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred in collecting sums due to the Carrier."

## **FIRST CAUSE OF ACTION**

### **(Breach of a Maritime Contract Against All Defendants)**

13. Plaintiffs refer to paragraphs 1 through 12 of this Complaint and incorporate them herein as though fully set forth.

14. Plaintiffs have fully performed its tariff and contractual obligations, except those that were discharged or excused by the conduct of the Defendants.

15. Pursuant to the contracts of carriage and/or service contract(s), defendants were required to pay the detention or per diem charges for retaining the ocean containers and chassis beyond the specified free times, in addition to any attorneys' fees, expenses, and costs incurred in the event they failed to do so.

16. Plaintiffs through their agent EVERGREEN SHIPPING have demanded that the defendants pay the total sum of $488,420.00, but the defendants have failed and refused and continue to fail and refuse to pay said sum, and the whole thereof is now due, owning and payable together with interest, fees and costs. A summary of the relevant bills of lading and invoices as to the unpaid per diem charges is attached hereto as Exhibit C and incorporated into this complaint.

17. The defendants, and each of them, materially and substantially breached the agreements by failing to pay the detention charges when demands were

made.

18. As a direct and proximate result of the material breach of contract by the defendants, the plaintiffs have sustained damages in the sum of at least $488,420.00, no part of which has been paid by the defendants despite numerous demands therefore.

19. Pursuant to Article 14(4) of EVERGREEN LINE's Bill of Lading, the plaintiffs are entitled to recover reasonable attorneys' fees and the cost of suit incurred in this case.

## SECOND CAUSE OF ACTION
### (Open Book Account Against All Defendants)

20. Plaintiffs incorporate by reference paragraphs 1 through 19.

21. Within the last four (4) years, prior to the commencement of this action, defendants became indebted to Evergreen Line on an open book account for a principal balance due in the total amount of $511,500.00.

22. Despite due demands, the sum of $488,420 plus fees and costs is now due, owing and unpaid on the open book account.

## THIRD CAUSE OF ACTION
### (Goods and Services Rendered Against All Defendants)

23. Plaintiffs incorporate by reference paragraphs 1 through 22.

24. Plaintiffs performed the services and delivered the goods as request by defendants.

25. Defendants, all of whom are liable under the bill of lading, failed to pay for use of goods.

26. The reasonable value of the services, including the use of the container equipment, totals in excess of $488,420.

27. Despite due demands, the sum of $488,420 is now due, owing and unpaid for said goods and services.

WHEREFORE, plaintiffs Evergreen Marine Corp. (Taiwan) Ltd., Evergreen

Marine (UK) Limited, Italia Marittima SPA, Evergreen Marine (Hong Kong) Ltd., Evergreen Marine (Singapore) Pte. Ltd. and Evergreen Shipping Agency (America) Corporation pray for judgment against defendants, jointly and severally, as follows:

1. For damages in the principal amount of $488,420;
2. For pre-judgment interest at the rate of 10 percent according to proof;
3. For reasonable attorneys' fees;
4. For costs of suit incurred herein.

DATED: September 22, 2020         LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   */s/ Lynn L. Krieger*
LYNN L. KRIEGER
Attorneys for Plaintiffs EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE (UK) LIMITED; ITALIA MARITTIMA SPA; EVERGREEN MARINE (HONG KONG) LTD.; EVERGREEN MARINE (SINGAPORE) PTE. LTD., EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION